UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

HARRY DARBY,
      Petitioner,

v.                          No. 2:16-cv-6625

SUPERINTENDENT DEBALSO,
THE PA. BOARD OF PROBATION &
PAROLE, and THE ATTORNEY
GENERAL OF THE STATE OF
PENNSYLVANIA,
      Respondents.

**O P I N I O N**
**Report and Recommendation, ECF No. 9—Adopted**

**Joseph F. Leeson, Jr.**                                                **October 25, 2019**
**United States District Judge**

## I. INTRODUCTION

In this habeas action, petitioner Harry Darby challenges the Pennsylvania Parole Board's 2012 recalculation of the length of his prison sentence resulting from several 1984 state court criminal convictions. The sentence (or, more accurately, the recalculation thereof) that Darby challenges was imposed following his conviction on several additional criminal offenses while out on parole in 2009. The underlying chronology of relevant events is not overly complex. On August 17, 2006, Darby was paroled from a Pennsylvania prison after having served approximately twenty-two years of a sentence resulting from his 1984 conviction of rape and robbery. He was paroled about six and a half years prior to the latest potential release date carried by his sentence—January 18, 2013. In 2009, while out on parole, Darby committed several other offenses, to which he pleaded guilty on August 16, 2011. Darby received a sentence of seven to fourteen years for the 2009 offenses; however, based on these new offenses,

in 2012 the Pennsylvania Parole Board recalculated the maximum expiration date of Darby's *original* sentence—that is, his sentence for the 1984 convictions—as August 19, 2016.

On December 4, 2016, Darby filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the Parole Board's recalculation of the expiration date of his original sentence. After briefing, United States Magistrate Judge Elizabeth T. Hey issued a Report and Recommendation ("R&R") recommending that Darby's habeas petition be dismissed based on the Court's lack of jurisdiction to entertain the petition. Darby has filed objections to the R&R. After de novo review, this Court adopts the R&R and dismisses Darby's petition.

## II. RELEVANT BACKGROUND

### A. Darby's petition and the Parole Board's response

Darby's December 4, 2016, habeas petition lists a single basis for relief. As "GROUND ONE" of his petition, Darby states that "[t]he PA., Parole Board increased Petitioner's Judicially imposed sentence." Hab. Pet. ¶ 12, ECF No. 1. In support of this grievance he states as follows:

> The Philadelphia Co., Court of Common Pleas, issued the Petitioner a sentencing Order: Ordering Him to Serve 15 to 30 years, on September 5, 1984, with a max date of March 18, 2013.[1] That was changed by an administrative agency, PA., Parole Board to end on august 18, 2016.

*Id.* At the end of the petition, with regard to the relief he seeks, Darby asks "[t]hat all time served over his original judicially imposed max date [of] March 18, 2013, b[e] credited to his new sentence now being served." *Id.* at 18.

---

[1] Although Darby's petition references a maximum release date of March 18, 2013, the Sentence Summary from the Commonwealth of Pennsylvania, attached as Exhibit B to the Parole Board's opposition to Darby's petition, lists a maximum release date of January 18, 2013, *see* ECF No. 8-1 at 9, and the Court accepts this as the correct date of Darby's initial maximum sentence.

Darby also filed an "Application for Amendment of Pleadings," setting forth argument in support of his petition. In this document, Darby contends that the Board's recalculation[2] of his maximum sentence on his original conviction, which resulted from his 2011 guilty plea to the additional criminal offenses, was "unlawful" because it was "without a valid Court order." Am. Pet. ¶ 6, ECF No. 5-1. He similarly contends that "the Board is attempting to assume judicial authority / power over an individuals [sic] legally imposed sentence which is contrar[y] to the United States and Pennsylvania Constitution[s], and laws, where only a sentencing Court possess authority / power to alter a judicially imposed sentence." *Id*. ¶ 8 (emphasis in original). Additionally, he argues that "61 Pa. CS § 6138(a)(2), is in opposition to Pennsylvania Constitution Art 5, § 1, and 42 Pa. CS § 9764(a)(8), 61 Pa. CS § 6138(a)(5), making these statutes constitutionally infirm and in conflict with each other and with clearly established Pennsylvania and United States law." *Id*.

The Parole Board's response to the petition begins by recounting the procedural history of Darby's criminal convictions and sentencing, including the method used by the Board to recalculate his initial sentence in 2012.[3] *See* Board's Opp'n. at 1-6, ECF No. 8. The Board then

---

[2] Darby states this recalculation took place on September 25, 2014, *see* Am. Pet. ¶ 6, however, the Notice of Board Decision attached to his filing indicates that the Board's decision was dated January 12, 2012. *Id.* at 12-13.

[3] The Parole Board explains that when Darby was released from prison on August 17, 2006, his maximum sentence date was January 18, 2013, which left 2,346 days remaining on his sentence. Board's Opp'n. ¶ 9(a). Darby was credited with 516 days for the time he spent solely on the Board's warrant from March 18, 2010 to August 16, 2011, following his being charged with offenses committed in 2009 while out on parole. *Id*. ¶ 9(c). Subtracting 516 days of credit time from the 2,346 days remaining on his original sentence yields 1,830 days of back time still owed on the original sentence. *Id*. ¶ 9(d). The Board states Darby became eligible to begin serving his back time on his original sentence on August 16, 2011, the date he was sentenced on the new convictions, and 1,830 days from August 16, 2011, is August 19, 2016. *Id*. ¶¶ 9(e)-(f). Because Darby does not challenge the accuracy of this timeline or of the calculations themselves, but rather the Board's authority to alter a "judicially imposed" maximum sentence, the Court does not elaborate on the Board's methodology further.

advances four distinct arguments in opposition to Darby's petition: (1) in waiting over two years to seek administrative review of the sentence recalculation—he did not petition for administrative review until October 23, 2014—Darby has failed to timely exhaust his administrative remedies, and he has procedurally defaulted on those remedies as a result; (2) Darby's habeas petition was filed well after the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1), and the petition is therefore untimely; (3) the Court lacks jurisdiction to entertain the petition because it was filed after the sentence that he purports to challenge had expired; and (4) even were the Court to assess the merits of his petition, there is no basis to question the validity or legality of the Board's recalculation. *See generally id.*

### B. The Report and Recommendation

In her R&R, Magistrate Judge Hey recounts the relevant procedural history of Darby's case, before observing that "both Darby and the Parole Board agree that his original sentence, as recalculated, by the Parole Board after his recommitment, expired on August 18, 2016." R&R at 5. Judge Hey further observes that Darby "did not file this habeas petition until December 4, 2016. More than three months after he completed serving the original sentence." *Id*. "Therefore," she concludes, "he was not in custody on the sentence he attacks when he filed his habeas petition and this court lacks jurisdiction to consider his petition." *Id*. This is the basis for Judge Hey's dismissal of Darby's petition; in finding an absence of jurisdiction to review the petition, Judge Hey declined to address the Parole Board's other arguments in opposition. *See id*. at 6.

### C. Darby's objections

Darby filed timely objections to the R&R. Although Darby purports to challenge Judge Hey's conclusion that at the time of the filing of his habeas petition he was no longer in custody

on the sentence he attacks,[4] his objections are largely restatements of the arguments asserted in his petition and accompanying documents. The first of two numbered paragraphs in his "objections" states as follows:

> Petitioner avers that he remains incarcerated as a continuing injury of UNCONSTITUTIONAL statu[t]e, 42 PA.C.S.A. § 9718(a)(3), MANDATORY SENTENCE, 10 to 20 years for rape. That has been made unconstitutional, invalid by a State Tribunal. That Parole Board never had jurisdiction to recalculate the maximum date of any sentence.

Objs. at 1, ECF No. 11. The second numbered paragraph contends that, as a result of "an illegal statute," namely, 42 PA. CONS. STAT. § 9718(a)(3), which governs mandatory minimum sentences, including for rape, of which he was convicted in 1984, he "had no other recourse but to enter in to unlawful negotiated guilty plea; Possession of Firearm – Prohibited, which implicates the mandatory minimum sentence, 42 PA.C.S.A. § 9718(a) and (b), 5 to 10 years on November[ ]14, 2011." *Id*. at 2.

## III. STANDARD OF REVIEW: CONTESTED REPORTS & RECOMMENDATIONS

When timely objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Where objections are general rather than specific, de novo review is not required. *Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Uncontested portions of a report and recommendation, as well portions to which untimely or general objections are made, may be reviewed at a standard determined by the district court; however, at the very least, these portions should be reviewed for "clear error or

---

[4] Darby states that he "object[s] to 'Ground One of the Magistrate Judge Hey recommendation, report [sic] that this Court lacks jurisdiction, because Petitioner Harry Darby is NO LONGER in custody on the sentence he attacks." Objs. at 1 (emphasis in original).

manifest injustice." *Colon-Montanez v. Delbalso*, No. 3:15-CV-02442, 2016 WL 3654504, at *1 (M.D. Pa. July 8, 2016); *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) ("[A] district court should 'afford some level of review to dispositive legal issues raised by the report[.]' We have described this level of review as 'reasoned consideration.'" (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987))). A district court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in a report, 28 U.S.C. § 636(b)(1)(C), and "[is] not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016).

## IV. ANALYSIS

At the outset, the Court notes that it is doubtful that Darby's objections are sufficiently "specific" to warrant de novo review of the R&R by this Court. As observed above, they are largely the same arguments raised in his petition—*i.e.*, that the Parole Board "never had jurisdiction to recalculate the maximum date of any sentence," and that several Pennsylvania mandatory minimum statutes are unconstitutional. Objs. at 1-2. *See Florez-Montano v. Scism*, No. 3:10-CV-2404, 2011 WL 837764, at *3 (M.D. Pa. Mar. 4, 2011) (reviewing a report and recommendation for clear error where, "[i]n his objections, Petitioner raises the same arguments as set forth in his § 2241 petition"), *aff'd*, 453 F. App'x 145 (3d Cir. 2011). Nor do they attempt to address the substance of the R&R. *See Kennedy v. Borough of Minersville Pennsylvania*, No. 3:19-CV-0124, 2019 WL 4316218, at *1 (M.D. Pa. Sept. 11, 2019) ("Plaintiff's objections are not specific. In particular, Plaintiff does not take issue with the substance of any of the Magistrate Judge's conclusions and/or recommendations. As such, the Report and Recommendation is reviewed for clear error, and finding none, it will be adopted.").

Nonetheless, in light of Darby's pro se status, the Court has conducted a de novo review of the Report and Recommendation. Upon such a review, and as set forth below, the Court agrees both with Judge Hey's determination that Darby was no longer "in custody" under the sentence his habeas petition intended to attack when it was filed, as well as with her conclusion that, as a result, this Court lacks jurisdiction to entertain Darby's petition.

**A.     The Court lacks jurisdiction to review Darby's habeas petition.**

*1.     Federal habeas jurisdiction: applicable legal principles*

Addressing Judge Hey's Report and Recommendation and the issues raised by Darby's petition requires a brief review of developments in the law of the federal courts' habeas corpus jurisdiction. The Court begins with the basics. "The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). As embodied in the relevant statutes and the common-law history of the writ, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitions for writs of habeas corpus filed by persons incarcerated pursuant to state (as opposed to federal) court judgments, like Darby's petition, are governed by 28 U.S.C. § 2254.[5] This statute provides that the Supreme Court, or a circuit or district court, "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

---

[5]     28 U.S.C. § 2254 was modified by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"), one purpose of which was "to reduce delays in the execution of state and federal criminal sentences." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). The Court need not elaborate on the AEDPA's heightened standard of review of the merits of § 2254 petitions, *see* 28 U.S.C. § 2254(d)(1)-(2), as it is the jurisdictional issue that is dispositive here.

The plain language of § 2254(a) makes clear that "a federal court has no jurisdiction to entertain a habeas petition unless the petitioner meets the 'in custody' requirement" of the statute. *Harris v. Lagana*, No. CIV. 13-5063, 2015 WL 4413085, at *2 (D.N.J. July 16, 2015); *see U. S. ex rel. Dessus v. Com. of Pa.*, 452 F.2d 557, 560 (3d Cir. 1971) (explaining that "custody is the passport to federal habeas corpus jurisdiction"). Exactly what circumstances satisfy § 2254(a)'s "in custody" requirement was a question the Supreme Court attempted to resolve in *Maleng v. Cook*, 490 U.S. 488 (1989). While in federal custody under a 1976 conviction on federal charges, the habeas petitioner in *Maleng* attempted to challenge a 1958 state court conviction, the sentence for which had expired as of the filing of the petition. Unenviably, the petitioner was also facing an additional state court sentence ahead of him under his conviction on several charges in state court in 1978, which was to commence following completion of his federal sentence. The Ninth Circuit Court of Appeals had determined that the petitioner was "in custody" under the 1958 state court conviction, notwithstanding the expiration of its attendant sentence, because that conviction had been used to enhance the sentence imposed under the 1978 conviction. The Supreme Court disagreed with this reasoning, observing that "[w]e have interpreted the statutory language [of 28 U.S.C. § 2254(a)] as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id*. at 490-91 (citing *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968)). Similarly, the Court explained that it had "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng*, 490 U.S. at 491 (emphasis in original).

It would appear then that after *Maleng*, federal habeas jurisdiction is, as a rule, unavailable to petitioners who, although being in physical custody, were ostensibly challenging

the legality of a conviction the sentence for which had already expired. However, the rule set forth in *Maleng*—to the extent there is one—is not quite so simple: notwithstanding its legal pronouncements, the Supreme Court in the end affirmed the judgment of the Ninth Circuit, albeit on different grounds. The Court found that because the pro se petitioner's § 2254 petition could be liberally construed as asserting a challenge to his yet-to-be-served state court sentence imposed under the 1978 conviction—for which state authorities had placed a detainer with federal authorities[6]—and because that sentence was enhanced by the allegedly unlawful prior 1958 conviction, he had satisfied the "in custody" requirement for federal habeas jurisdiction to challenge his prospective 1978 state court sentence. *See Maleng*, 490 U.S. at 493-94.[7] Importantly, the Court limited its holding "to the narrow issue of 'custody' for subject-matter

---

[6] The Court's reasoning appeared to rely heavily on (i) the prospective nature of the sentence the petition was being construed to challenge, as well as (ii) the presence of a detainer to signify the imminent nature of the prospective sentence:

> [I]n [*Peyton v. Rowe,* 391 U.S. 54 (1968)], we overruled [*McNally v. Hill*, 293 U.S. 131 (1934)] and held that a petitioner who was serving two consecutive sentences imposed by the Commonwealth of Virginia could challenge the second sentence which he had not yet begun to serve. . . .
>
> \* \* \*
>
> In *Braden v. 30th Judicial Circuit Court of Ky.*, [410 U.S. 484 (1973)], we held that a prisoner serving a sentence in Alabama, who was subject to a detainer filed with his Alabama jailers by Kentucky officials, was "in custody" for the purpose of a habeas attack on the outstanding Kentucky charge upon which the detainer rested. We think that *Braden* and *Peyton* together require the conclusion that respondent in this case was "in custody" under his 1978 state sentences at the time he filed.

*Maleng*, 490 U.S. at 493.

[7] "Since we think respondent's habeas petition, construed with the deference to which *pro se* litigants are entitled, can be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction, we affirm the Court of Appeals' finding that respondent has satisfied the 'in custody' requirement for federal habeas jurisdiction." *Maleng*, 490 U.S. at 493-94 (citations omitted).

jurisdiction of the habeas court," and did not otherwise address the sufficiency of the petition in question. *Id*. at 494.

While *Maleng* may have opened (or kept open) a previously foreclosed path to habeas jurisdiction in limited circumstances, courts still grappled with the question left unanswered in that decision, namely, "the extent to which [a prior expired] conviction itself may be subject to challenge in the attack upon [a current] senten[ce] which it was used to enhance." *Maleng*, 490 U.S. at 494. In the context of § 2254, that question was answered in *Lackawana County Dist. Attorney v. Coss*, 532 U.S. 394 (2001). In *Coss*, the Supreme Court extended its holding in *Daniels v. United States*, 532 U.S. 374 (2001), which had answered the question in the context of 28 U.S.C. § 2255 petitions, to habeas petitions brought under § 2254. The Court in *Coss* affirmed that

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.

*Coss*, 532 U.S. at 403. The Court further explained that

> [i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.[8]

---

[8] The Court recognized a limited exception to this rule where, at the time the prior conviction had been obtained, there was a failure to appoint counsel in violation of the Sixth Amendment. *See Coss*, 532 U.S. at 404. After *Coss*, it would appear that the ability of a § 2254 petition to clear the jurisdictional hurdle under the reasoning of *Maleng*, and additionally state a viable habeas claim, is limited to petitions based exclusively on this exception—*i.e.*, petitions challenging a current (or prospective) sentence that was enhanced by a prior conviction, which itself was obtained without counsel and therefore in contravention of the petitioner's Sixth Amendment rights. Of course, this exception is inapplicable to the circumstances underlying Darby's petition.

*Id*. at 404. Thus, through its decision in *Coss*, "the Supreme Court has made it clear that a petitioner may not bring a federal habeas petition 'directed solely' at prior convictions that have fully expired, and that a petitioner may not attack an enhanced sentence based on a claim that the prior conviction was constitutionally deficient." *Daniels v. Ortiz*, No. CV 14-7237, 2018 WL 2604847, at *3 (D.N.J. June 1, 2018).

### 2. *Application to Darby's § 2254 petition*

Based on the applicable law as reviewed above and on the uncontested fact that Darby's sentence for the 1984 conviction expired, after recalculation, on August 18, 2016, Judge Hey was correct to conclude that the Court is without jurisdiction to consider his habeas petition, filed over three months later, on December 4, 2016. *See* R&R at 6.

Initially, the Court finds that in light of the substance of Darby's § 2254 petition, neither *Maleng*, nor *Coss*, nor any other case of which the Court is aware, provides a basis to find the presence of habeas jurisdiction here. As set forth in *Maleng* and discussed previously, a pro se habeas petition might be capable of satisfying the "in custody" requirement for habeas jurisdiction if the petition, despite ostensibly challenging a previously expired sentence, can be construed (i) as an attack on a sentence the petitioner was (or would be) serving (ii) that had been enhanced by a prior, allegedly unlawful conviction.[9] *See Maleng*, 490 U.S. at 493-94. Darby's petition, however, is clearly an attack on the Parole Board's 2012 recalculation of his *original* sentence—a sentence that expired on August 18, 2016—rather than a challenge to his current

---

[9] As noted, after the Supreme Court's decision in *Coss*, the only petitions capable of ultimately succeeding after clearing the jurisdictional threshold in this manner would need to challenge a current (or prospective) sentence on the basis that it was enhanced by a prior conviction obtained in the absence of counsel, and therefore in contravention of the petitioner's Sixth Amendment rights.

sentence.[10] Indeed, his "Application for Amendment of Pleadings" and other accompanying documents make clear that Darby's grievance is lodged exclusively against the authority of the Parole Board to recalculate a "judicially imposed sentence"—specifically, his sentence under the 1984 conviction. Am. Pet. ¶¶ 6-8. Because his petition cannot in any reasonable way be read to challenge his 2011 convictions or the resulting sentence, under which he was incarcerated at the time his petition was filed, Darby is unable to invoke this Court's jurisdiction for the petition's review. *See Okey v. Pennsylvania*, No. 1:CV-14-00616, 2014 WL 5474996, at *4 (M.D. Pa. Oct. 29, 2014) (declining to find that petitioner was "in custody" for an expired sentence where "[i]t is apparent from a reading of his § 2254 petition that [he] is directly attacking his expired sentence" as opposed to an ongoing sentence); *cf. Pignard v. Fed. Bureau of Prisons*, No. CIV.A. 14-4008, 2015 WL 2185652, at *4 (D.N.J. May 11, 2015) ("In the instant case, the holding by the Supreme Court in *Maleng*—not *Coss* or *Daniels*—is applicable because Petitioner is directly challenging his 1996 state conviction under § 2254, instead of attacking his current federal sentence in a motion brought under § 2255. Under *Maleng*, this Court lacks jurisdiction to entertain Petitioner's challenge to the fully expired 1996 conviction.").

What's more, even if *Maleng* provided a basis for the Court to exercise its habeas jurisdiction over Darby's petition,[11] his ability to challenge the Board's 2012 recalculation of his sentence under the 1984 conviction would ultimately fail. Answering the question left

---

[10] A challenge to the calculation of a sentence is treated the same way as a challenge to an underlying conviction for purposes of the "in custody" jurisdictional analysis. *See Davis v. Hayman*, No. CIV. A. 08-4608, 2008 WL 4533965, at *2 (D.N.J. Oct. 8, 2008) (finding that a petitioner, challenging the state department of correction's calculation of his maximum release date, was not, at the time his habeas petition was filed, "in custody" on the sentence the calculation of which he challenged).

[11] As the Court observed previously, *Maleng*'s holding was limited exclusively to the issue of jurisdiction and did not otherwise address the sufficiency of the petition at issue. *See Maleng*, 490 U.S. at 494.

unanswered in *Maleng*, the Supreme Court in *Coss* confirmed that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available . . . the conviction may be regarded as conclusively valid." *Coss*, 532 U.S. at 403. Darby—as well as the Court—is thus bound by his failure to challenge the recalculated sentence prior to its expiration on August 18, 2016, at which point it became "conclusively valid." Similarly, also under *Coss*, if Darby's petition challenged his current sentence, which he is serving under the 2011 conviction,[12] and did so on the basis that it was inappropriately extended by the unconstitutional recalculation of his 1984 sentence[13] (in that he could not serve the former before completing the latter), his petition would also fail:[14] "[i]f [a] conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 404.

Because (1) the Court is unable to exercise jurisdiction to review Darby's § 2254 petition and (2) even if it could, the petition would nonetheless fail, Judge Hey was correct to recommend dismissal of Darby's petition. *See* R&R at 5-6.

---

[12] Were Darby challenging his current sentence, of course, the petition's present jurisdictional infirmity would become moot.

[13] Interestingly, what Darby complains of is the reverse: it was his more recent (that is, 2011) convictions that enhanced his *original* sentence.

[14] As discussed previously, this rule is subject to the limited—and inapplicable—exception carved out for challenges to current sentences enhanced by prior convictions which were obtained in the absence of counsel.

### B. Darby's underlying constitutional contention is without merit.

Lastly, the Court observes that were Darby's petition able to overcome the deficiencies identified above, the contention at the heart of his petition—that the Parole Board does not possess the authority to recalculate his maximum sentence—is simply without merit:

> Indeed, federal courts have expressly considered this provision of state law that [petitioner] challenges, which permits the recalculation and extension of maximum release dates for offenders who commit new crimes and violate the terms of their parole, and have held that "[n]o [federal] constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum."

*Black v. PA Parole Bd.*, No. 3:15-CV-949, 2019 WL 1714478, at *6 (M.D. Pa. Jan. 30, 2019) (quoting *United States ex rel. Heacock v. Myers*, 367 F.2d 583 (3d Cir. 1966)), *report and recommendation adopted sub nom. Black v. Pennsylvania Bd. of Prob. & Parole*, No. 3:15-CV-00949, 2019 WL 1651379 (M.D. Pa. Apr. 17, 2019); *cf. Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001) ("[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."); *see Gahagan v. Pennsylvania Bd. of Prob. & Parole*, 444 F. Supp. 1326, 1333 (E.D. Pa. 1978) (holding that the Pennsylvania Probation and Parole Act, 61 PA. CONS. STAT. § 6138, is not unconstitutional on the theory that it denies due process or permits decision to be arbitrarily made).

### C. There is no basis for the issuance of a certificate of appealability.

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (quoting 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Where the denial of a habeas petition is based on procedural grounds and the Court does not reach the underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Darby's habeas petition is dismissed because the Court lacks jurisdiction to review it. Therefore, he is entitled to a COA if reasonable jurists could disagree as to whether (1) the Court has jurisdiction over the petition, and (2) his petition states a constitutional claim.  For the reasons discussed at length herein and in the R&R, it is not the case that reasonable jurists could disagree as to either of these things, let alone both.  The law is well settled against Darby's petition.  Consequently, he is not entitled to a COA.

## V. CONCLUSION

After de novo review of the habeas corpus petition and accompanying documents, the Parole Board's opposition thereto, the R&R, and Darby's objections, and for the reasons set forth herein, the R&R is adopted.  Darby's objections to the R&R are overruled and his habeas claims are dismissed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge